## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ALEMAH MCMILLIAN, individually and   *
on behalf of others similarly situated,

                                 *

     *Plaintiffs*,

                                 *

v.                                  **Case No.:** _____

                                 *

GEICO INDEMNITY COMPANY, GEICO
GENERAL INSURANCE COMPANY,      *
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and GEICO      *
CASUALTY COMPANY

                                 *

     *Defendants*.

*   *   *   *   *   *   *   *   *   *   *   *   *

## <u>NOTICE OF REMOVAL</u>

1.     Pursuant to Local Rule 10.1(a), the addresses of counsel for each of the parties is

as follows:

     Michael A. Galpern
     Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins
     Laurel Oak Corporate Center
     1000 Haddonfield-Berlin Road, Suite 203
     Vorhees, NJ 08043

     Seth R. Lesser
     Sarah Sears
     Klafter Lesser LLP
     Two International Drive
     Rye Brook, NJ 10573

     Sean T. Hagan
     Law Offices of Sean T. Hagan LLC
     1414 Beaver Dam Road
     Point Pleasant, NJ 08742

     *Counsel for Plaintiff Alemah McMillian*

     Curtis J. Turpan
     Harwood Lloyd LLC

130 Main Street
Hackensack, New Jersey 07601

Laura A. Cellucci (*pro hac vice* application forthcoming)
Glenn A. Gordon (*pro hac vice* application forthcoming)
Daniel L. Adamson (*pro hac vice* application forthcoming)
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21201

*Counsel for Defendants GEICO Indemnity Company, GEICO General Insurance Company, Government Employees Insurance Company, and GEICO Casualty Company*

2.      Defendants, GEICO Indemnity Company, GEICO General Insurance Company, Government Employees Insurance Company, and GEICO Casualty Company, by and through their undersigned counsel, provide notice under 28 U.S.C. §§ 1441 and 1446 of their removal of the putative class action styled *Alemah McMillian v. GEICO Indemnity Company, et al.*, Case No. MID-L-000208-23 from the Superior Court of New Jersey Law Division: Middlesex County, to the United States District Court for the District of New Jersey. Removal is based on 28 U.S.C. § 1332(d) (the "Class Action Fairness Act" or "CAFA") and diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. § 1332(a). As grounds for removal, Defendants state as follows:

## I.      The state court complaint

3.      On January 12, 2023, Plaintiff, on behalf of herself and others similarly situated, filed a Class Action Complaint and Jury Demand in the state court action. (A copy of the complaint is attached to this Notice as **Exhibit 1**.) The subject of the complaint is Defendants' alleged "policy and practice of deceptively selling [standard automobile liability insurance] policies with PIP medical expense benefits in an amount of less than $250,000 without obtaining the required affirmative written waivers." *See* **Ex. 1** (Class Action Compl.), at ¶ 2.

4.     Plaintiff asserts claims for Violation of Statutory Duties (Count One), Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (Count Two), Breach of Contract (Count Three), and Breach of Implied Covenant of Good Faith and Fair Dealing (Count Four). *See generally id.* Plaintiff seeks declaratory and/or injunctive relief, monetary damages, statutory damages, treble damages, attorneys' fees and costs, and pre- and post-judgment interest. *See id.* at Prayer for Relief.

5.     The purported "Class" includes people "in the State of New Jersey who, from January 12, 2017, through the present have been policyholders owning or other persons entitled to coverage under standard automobile liability insurance policies issued by a GEICO entity that have provided limits of less than $250,000 in PIP medical expense benefits coverage and as to whom GEICO does not have affirmative choice in writing the form proscribed by N.J.S.A. 39:6A-4.3(c) and 39:6A-23." *Id.* at ¶ 36.

6.     Plaintiff also alleges a "Subclass" including "[a]ll persons in the Class who suffered injuries in a covered accident and incurred medical expenses in excess of the medical expense PIP coverage stated in their policy during the Class Period." *Id.* at 37.

## II.    Removal under CAFA

7.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA was enacted by Congress to "expand federal jurisdiction over class actions." *McGee v. Continental Tire North America, Inc.*, 2007 WL 2462624, at *3 (D.N.J. Aug. 27, 2007); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

8.    Under CAFA, a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action as a purported class action pursuant to Rule 4:32 of the New Jersey Court Rules. **Ex. 1** (Class Action Compl.), at ¶¶ 17, 113.

9.    CAFA provides that class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. Plaintiff's complaint demonstrates that each of these requirements is satisfied here.

10.    First, Plaintiff's allegation that there are "at least hundreds (if not thousands) of members of the Class and Subclass" satisfies CAFA's numerosity requirement. *See* **Ex. 1** (Class Action Compl.), at ¶ 38; *see also* 28 U.S.C. § 1332(d)(5) (requiring at least one hundred class members for CAFA jurisdiction).

11.    Second, "minimal diversity" exists among the parties. *See* 28 U.S.C. § 1332(d)(2)(A) (for purposes of CAFA jurisdiction, "minimal diversity" exists so long as "any member of a class of plaintiffs is a citizen of a [s]tate different from any defendant"). Plaintiff is a citizen of New Jersey. *See* **Ex. 1** (Class Action Compl.), at ¶ 7. Defendants "all share the same corporate headquarters in Chevy Chase, Maryland and a principal place of business in Washington, D.C." *Id.* at ¶ 8.

12.    Third, the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). "To determine the amount in controversy, a court

must aggregate the claims of individual class members." *La Stella v. Aquion, Inc.*, 2020 WL 7694009, at *4 (D.N.J. Dec. 28, 2020). "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

13.    Plaintiff alleges that she and others similarly situated have not been afforded the amount of PIP medical expense benefits they are entitled to under New Jersey law. *See* **Ex. 1** (Class Action Compl.), at ¶¶ 3–4. According to Plaintiff, New Jersey law entitles her to $250,000 in PIP benefits, but she was provided with only $15,000 in medical expense benefits coverage. *See id.* at ¶ 2, 27. Plaintiff therefore contends that GEICO has failed to provide her, and others similarly situated, with up to $235,000 in medical expense benefits to which she was entitled. The class need only be composed of twenty-two people to meet the required amount in controversy (e.g., 22 x $235,000 = over $5 million). Plaintiff has alleged that the class is composed of "hundreds or thousands" of people, *id.* at ¶ 38, meaning that the amount in controversy is well in excess of $5 million.

14.    By establishing the statutory basis for removal under CAFA, Defendants do not in any way concede the allegations against them, the appropriateness of the proposed class definition, or the propriety of this action proceeding as a class action, nor do Defendants otherwise waive any available defenses available to them. Further, Defendants' statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiff is available for the claims pled or that Plaintiff or the putative class are entitled to any relief.

## III.    Removal under 28 U.S.C. § 1332(a)

15.    Even setting aside the class allegations, this Court would have jurisdiction over Plaintiff's individual claims against Defendants because, based on the allegations in her Complaint as described above, diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

## III.    Procedural requirements

16.    <u>Removal to this Court is proper</u>.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of New Jersey, which is the federal district court embracing the Superior Court of New Jersey Law Division: Middlesex County, where the state court action was originally filed.

17.    <u>Removal is timely</u>.  The original complaint was served on Defendants on February 22, 2023. This Notice of Removal is being filed on March 24, 2023, within thirty days after receipt by Defendants of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

18.    <u>Joinder of all defendants</u>. All Defendants joined and served consent to this Notice of Removal. *See* 28 U.S.C. 1446(b)(2)(A).

19.    <u>Pleadings and process</u>.  Contemporaneously filed herewith are copies of all process, pleadings, documents, and orders received by Defendants in the state court action. *See* 28 U.S.C. § 1446(a); L.Civ.R. 11.2; *see also* **Ex. 1** (Class Action Compl.).

20.    <u>State court notice</u>. Attached hereto as **Exhibit 2** is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Defendants will file with the Clerk of the Superior Court of New Jersey Law Division: Middlesex County, and will promptly serve upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

21.    <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, and all jurisdictional requirements established by 28 U.S.C. § 1332(d), Defendants respectfully serve notice that the above-referenced civil action now pending in the Superior Court of New Jersey Law Division: Middlesex County is removed therefrom to the United States District Court for the District of New Jersey.

Date: March 24, 2023

Respectfully submitted,

Curtis J. Turpan (033781985)
Harwood Lloyd, LLC
130 Main Street
Hackensack, New Jersey 07601
cturpan@harwoodlloyd.com
(t): (201) 359-3675
(f): (201) 487-4758

*Counsel for Defendants GEICO Indemnity Company, GEICO General Insurance Company, Government Employees Insurance Company, and GEICO Casualty Company*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned attorney certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Curtis J. Turpan (033781985)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of March, 2023, a copy of the foregoing Notice of Removal was electronically filed through the Court's CM/ECF system and copies were served by electronic mail and first-class mail, postage prepaid, on:

Michael A. Galpern
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road, Suite 203
Vorhees, NJ 08043
mgalpern@lawjw.com

Seth R. Lesser
Sarah Sears
Klafter Lesser LLP
Two International Drive
Rye Brook, NJ 10573
seth@klafterlesser.com

Sean T. Hagan
Law Offices of Sean T. Hagan LLC
1414 Beaver Dam Road
Point Pleasant, NJ 08742
sean@seanhaganlaw.com

*Counsel for Plaintiff Alemah McMillian*

_____
Curtis J. Turpan (033781985)
Harwood Lloyd, LLC
130 Main Street
Hackensack, New Jersey 07601
cturpan@harwoodlloyd.com
(t): (201) 359-3675
(f): (201) 487-4758

*Counsel for Defendants*

# EXHIBIT 1

Michael A. Galpern, Attorney ID # 029031988
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203 Voorhees, NJ 08043
Telephone: (856) 596-4100 mgalpern@lawjw.com

Seth R. Lesser, Attorney ID # 051051988
Sarah Sears*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NJ 10573
Telephone:  (914) 934-9200
seth@klafterlesser.com
sarah.sears@klafterlesser.com

Sean T. Hagan, Attorney Id #: 038211998
LAW OFFICES OF SEAN T. HAGAN LLC
1414 Beaver Dam Road
Point Pleasant, NJ 08742
 (732) 722-2911
sean@seanhaganlaw.com

Attorneys for Plaintiff
*Pro hac to be filed

------------------------------------------------

| | | |
|---|---|---|
| ALEMAH MCMILLIAN, *on behalf of herself and all others similarly situated* | ) ) ) | **Superior Court of New Jersey** Law Division Middlesex County _____ Part |
| PLAINTIFF, | ) ) ) | Docket No. |
| v. | ) ) | **Civil Action** |
| GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO CASUALTY COMPANY, | ) ) ) ) ) | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DEFENDANTS. | | |

------------------------------------------------

Plaintiff Alemah McMillian, by and through her undersigned counsel, brings this action

against GEICO General Insurance Company, Government Employees Insurance Company,

GEICO Indemnity Company, GEICO Casualty Company, (collectively, "Defendants" or "GEICO") and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to Plaintiff's own actions, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all persons in the State of New Jersey who, from January 12, 2017, through the present, are or were policyholders of, or other persons entitled to coverage under, GEICO standard automobile liability insurance policies that provided limits of less than $250,000 in Personal Injury Protection ("PIP") medical expense benefits coverage and as to whom GEICO does not have affirmative PIP choice in writing in the form proscribed by N.J.S.A. 39:6A-4.3(e) and 39:6A-23 (the "Class"), and a subclass comprised of those Class members who, having been in covered accident, incurred medical expenses in excess of the medical expense PIP coverage stated in their policy (the "Subclass").

2.      In order to protect consumers and those involved in automobile accidents from under-insured insurance policies, the State of New Jersey has presumptively required "standard automobile liability insurance" policies in the State to provide PIP medical expense benefits of at least $250,000.  A consumer can choose to obtain lesser amounts, including as low as $15,000, but by legislative enactment in N.J.S.A. 39:6A-4.3, 39:6A-23, and 39:6A-2 (the "Statutes"), as set forth below, the State has required explicit disclosure and an explicit affirmative waiver, in writing, by the insurance purchaser that they chose a policy with medical expense benefits in an amount less than $250,000.

3.      In order to limit its liability for potential claims, GEICO has had a policy and practice of deceptively selling such policies with PIP medical expense benefits in an amount of less than $250,000 without obtaining the required affirmative written waivers. In fact, this deceptive practice by GEICO was the subject of a prior class action lawsuit years ago, which GEICO resolved under

terms favorable to that Class; yet GEICO is back to its old deceptive practice. Accordingly, Plaintiff Alemah McMillian and numerous other consumers have been illegally sold such policies with PIP medical expense benefits in amounts less than $250,000.

4.　　When Plaintiff and similarly situated consumers have been in accidents and they or others covered under the policy, needed the additional coverage, they have been denied it by GEICO, citing the illegally procured lower PIP limits.

5.　　This conduct by GEICO also violates New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, pursuant to which Plaintiff and members of the Class and Subclass are entitled to relief.

6.　　This class action seeks to redress GEICO's illegal and wrongful actions by compelling GEICO to provide the $250,000 coverage which the Legislature mandated insurers must provide in the absence of the proper disclosures and affirmative waivers.  The action seeks declaratory, injunctive and monetary relief for Plaintiff and all others similarly situated.

## <u>PARTIES</u>

7.　　Plaintiff Alemah McMillian is a citizen of New Jersey, residing in North Brunswick. At all relevant times, Plaintiff was the policyholder of a standard automobile liability insurance policy issued by GEICO which provided for a maximum PIP medical expense benefit of $15,000.

8.　　Defendants GEICO General Insurance Company, Government Employees Insurance Company, GEICO Indemnity Company, GEICO Casualty Company are all related corporate entities registered to sell insurance in New Jersey.  At all relevant times, Defendants purposely availed themselves of New Jersey by selling automobile insurance to individuals in New Jersey.  Defendants all share the same corporate headquarters in Chevy Chase, Maryland and a principal place of business in Washington, D.C.  Defendants are all licensed by the New Jersey Department of Banking and Insurance (DOBI) to write insurance in New Jersey.  As a licensee,

GEICO has agreed to follow the rules established for insurance in the State of New Jersey whenever writing policies in the State of New Jersey.

## JURISDICTION AND VENUE

9.     The Court has jurisdiction over this action pursuant to N.J. Const., Art. VI § 3, para. 2 and N.J. Court Rules, R. 4:3-1(5).

10.     This Court has personal jurisdiction over Defendants because they all conducted the relevant business alleged in this Complaint in this District at all relevant times.

11.     Venue is proper in this Court pursuant to because Plaintiff McMillian resides in the County of Middlesex, in the State of New Jersey, and GEICO regularly does business in this County. This County is also the most convenient forum for the parties.

## FACTUAL ALLEGATIONS

12.     Defendants are related insurance companies licensed by the State of New Jersey to sell automobile insurance in this State.

13.     The business of selling insurance in New Jersey is a matter in which the New Jersey Legislature has enacted specific statutory provisions and requirements, including statutory provisions relating to the sale of automobile insurance.  At issue and relevant here are the statutory provisions requiring written confirmation of contractual limitations concerning PIP medical expense benefits as they apply to standard automobile insurance policies, particularly N.J.S.A. 39:6A-4, 39:6A-4.3 and 39:6A-23.  In pertinent part, these statutes provide as follows:

39:6A-4 provides:

Except as provided by section 45 of P1.2003, c.89 (C.39:6A-3.3) and section 4 of P.L.1998, c. 21 (C.39:6A-3.1), every standard automobile liability insurance policy issued or renewed on or after the effective date of P.L.1998, c. 21 (C.39:6A- l.1 et al.) shall contain personal injury protection benefits for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, caused by an automobile or by an

4

object propelled by or from an automobile, and to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with permission of the named insured.

"Personal injury protection coverage" means and includes:

a. Payment of medical expense benefits in accordance with a benefit plan provided in the policy and approved by the commissioner, for reasonable, necessary, and appropriate treatment and provision of services to persons sustaining bodily injury, in an amount not to exceed $250,000 per person per accident.

39:6A-4.3 provides in pertinent part:

Personal injury protection coverage options. With respect to personal injury protection coverage provided on an automobile in accordance with section 4 of P.L.1972, c. 70 (C 39.6A-4), **the automobile insurer shall provide the following coverage options:**

**e. Medical expense benefits in amounts of $150,000, $75,000, $50,000 or $15,000 per person per accident;** except that, medical expense benefits shall be paid in an amount not to exceed $250,000 for all medically necessary treatment of permanent or significant brain injury, spinal cord injury or disfigurement or for medically necessary treatment of other permanent or significant injuries rendered at a trauma center or acute care hospital immediately following the accident and until the patient is stable, no longer requires critical care and can be safely discharged or transferred to another facility in the judgment of the attending physician. **The coverage election form shall contain a statement, clearly readable and in 12-point bold type, in a form approved by the commissioner, that election of any of the aforesaid medical expense benefits options results in less coverage than the $250,000 medical expense benefits coverage mandated prior to the effective date of P.L.1998, c. 21).**

**If none of the aforesaid medical expense benefits options is affirmatively chosen in writing, the policy shall provide $250,000 medical expense benefits coverage.**

39:6A-23 provides in pertinent part:

(a)      ... The applicant shall indicate the options elected on the coverage selection form which shall be signed and returned to the insurer.

* * *

(e)      A properly completed and executed coverage selection form shall be prima facie evidence of the named insured's knowing election or rejection of any option.

(Emphasis supplied.)

14.      In other words, the Legislature has mandated that in connection with the sale of a

standard automobile liability insurance policy, an insurer  – "shall" – provide $250,000 in medical

expenses benefits unless the consumer has affirmatively chosen in writing to receive a lower limit in medical expense PIP benefits.

15.     GEICO, however, has failed to comply with the Legislature's mandated requirements and instead, as in the case of Plaintiff and the Class and Subclass proposed here, provided a limit of less than $250,000 in medical expense benefits coverage without obtaining a coverage selection form containing the required statement (much less a statement in the form required by the law) obtaining any affirmative writing from their consumers confirming their acceptance of a lesser limit.

16.     The regulations promulgated by the Department of Banking and Insurance to implement these statutory requirements also impose an affirmative duty upon GEICO to obtain from each new applicant for automobile insurance a signed coverage selection form as evidence of the insured's knowing election or rejection of any option.  N.J.A.C. 11:3-15.7 sets forth as follows:

> a.  For all new policies, an insurer or an insurance producer shall receive a Coverage Selection Form signed by the  named insured and indicating the prospective insured's coverage choices. **Coverage shall not become effective until the signed Coverage Selection Form is received from the named insured, unless otherwise authorized by law.**

(Emphasis added).

17.     Accordingly, consumers' selection of any limit of their medical expenses benefits coverage below $250,000 that is not confirmed in writing on a Coverage Selection Form that is also returned to the insurer is not effective, and pursuant to N.J.S.A. 39:6A-4.3(e), such lower limit is void as to those policyholders for whom GEICO cannot produce a signed Coverage Selection Form.

18.     There are two principal ways in which consumers purchase a standard automobile liability insurance policy from GEICO.  They either (1) go to their Internet website located at GEICO.com or (2) contact a GEICO insurance agent.

19.     The GEICO website operates by first asking consumers information about their location, age and other basic information.  Once the consumer reaches the application step – entitled

"Primary Personal Injury Protection (PIP) Insurance" – they see a drop-down menu of potential amounts, which begins with "$15,000 limit medical / $250 deductible" as the maximum medical expense benefit.  In order to obtain statutory default maximum expense benefit of $250,000, the applicant has to affirmatively click to change the pre-selected $15,000 limit to $250,000. GEICO requires the consumer to affirmatively select that higher limit instead of setting it to the statutorily mandated $250,000 amount as a default.

20.     The "Primary Personal Injury Protection (PIP) Insurance" page and the summary of coverage selections page of the website are the only places on the GEICO website where a consumer can personally select or change the limits for their medical expense benefits coverage.  Nowhere on these pages is there the ability to indicate that a consumer's coverage limit selection has been "affirmatively chosen in writing" or to fill out, sign, and send back to GEICO a complete, executed Coverage Selection Form.  Rather, no separate signature page is provided whatsoever, and the drop-down menu for selecting coverage selection is treated as simply another drop-down menu as part and parcel of an entire application.  In effect, this is the exact opposite of what is required by N.J.S.A. 39:6A-4.3.

21.     Accordingly, when a consumer purchases automobile insurance from GEICO through their website, GEICO, in failing to comply with the law and in a misleading and deceptive manner, (a) fails to provide the required statement to the consumer regarding PIP medical expense benefits limits; and (b) fails to obtain an affirmative choice in writing of a consumer's knowing election or rejection of a lesser limit for medical expenses benefits coverage by providing an initial PIP medical expense limit of $15,000, thereby requiring the consumer to affirmatively choose the $250,000 legislatively chosen default maximum amount or any other greater limit.

22.     The result is the same when consumers purchase standard automobile liability insurance policies from GEICO by telephone. There, too, when consumers are presented with

options of coverage limitations, they are automatically provided by GEICO with a maximum **PIP** medical expense benefit of $15,000, and there is no way for GEICO to obtain an affirmative choice in writing of a consumer's knowing election or rejection of a particular limit for medical expenses benefits coverage, as required by New Jersey law. GEICO also does not ever provide the consumer with a separate Coverage Selection Form page.

23.  Throughout all relevant periods of time, GEICO advertised insurance policies in New Jersey and sold to consumers thousands,  if not tens of thousands, of standard automobile liability insurance policies that have contained – and today continue to contain – maximum medical expense **PIP** benefits coverage of less than $250,000, all without consumers having affirmatively selected the lower amount in writing and without GEICO having otherwise complied with the Legislature's mandates established by N.J.S.A. 39.6A-4.3 and 39:6A-23.

24.  Defendants had full actual and/or constructive knowledge of the requirements of N.J.S.A. 39:6A-4.3 and 39:6A-23 and that, in order to include and make effective medical expense **PIP** coverage limits of less than $250,000 in standard automobile policies issued in New Jersey, that the requirements and/or provisions of these sections must be met prior to issuance of the insurance policy.

25.  In fact, Defendants were previously sued over similar conduct.  *See Weber, et al. v. Government Employers Insurance Company, et al.*, 07-CV-1332 **(JBS) (AMD)** (D.N.J.), a case which ended in a class settlement, and which should have or did put GEICO on notice of the illegality of its present conduct. Two of the undersigned counsel were class counsel in *Weber*.

### *Plaintiff Alemah McMillian's Experience*

26.  The circumstances of Plaintiff Alemah McMillian are typical of those of other members of the Class and Subclass.  On or about July 23, 2015, Plaintiff went to GEICO's website, applied for, and eventually obtained a standard automobile insurance policy.

8

27.   In applying for and purchasing her insurance, Plaintiff McMillian was presented on the website with a pre-selected $15,000 medical expense benefits coverage and was not provided with the statutorily required statement.

28.   At no time did Plaintiff McMillian affirmatively select or otherwise choose in writing a $15,000 PIP medical expense benefits coverage limitation.

29.   At no time did GEICO receive a signed Coverage Selection Form from Plaintiff McMillian indicating her choice of a $15,000 PIP medical expense benefits coverage limitation.

30.   Plaintiff McMillian thereafter renewed her policy eleven times under the same conditions described. At no point did GEICO obtain a designed Coverage Selection Form from Plaintiff McMillian indicating her choice of a $15,000 PIP medical expense benefits coverage limitation for any of these renewals.

31.   The standard automobile insurance policy issued to and subsequently renewed by Plaintiff McMillian contained medical expense benefits in the amount of $15,000.

32.   The standard automobile insurance policy issued to Plaintiff McMillian by Defendants, thus, wrongfully and in violation of New Jersey law contained a $15,000 coverage limitation on medical expense benefits instead of the $250,000 coverage mandated by N.J.S.A. 39:6A-4.3(e) and 39:6A-23.

33.   Plaintiff McMillian subsequently was involved in an automobile accident on or about February 16, 2021.

34.   Plaintiff McMillian's medical bills for treatment for the injuries that she sustained as a result of the accident are far in excess of $15,000, and Plaintiff McMillian still requires further medical treatment.

35.   Plaintiff McMillian requested reimbursement, but GEICO has refused to pay for any medical bills in excess of $15,000, citing the **PIP** medical expense benefits coverage limitation in Plaintiff McMillian's policy.

## CLASS ACTION ALLEGATIONS

36.   Plaintiff brings this case individually and pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as follows (the "Class"):

> All persons in the State of New Jersey who, from January 12, 2017, through the present have been policyholders owning or other persons entitled to coverage under standard automobile liability insurance policies issued by a GEICO entity that have provided limits of less than $ 250,000 in **PIP** medical expense benefits coverage and as to whom GEICO does not have affirmative choice in writing in the form proscribed by N.J.S.A. 39:6A-4.3(e) and 39:6A-23.

This action is also brought on behalf of the following subclass (the "Subclass"):

> All persons in the Class who suffered injuries in a covered accident and incurred medical expenses in excess of the medical expense **PIP** coverage stated in their policy during the Class Period.

Excluded from both the Class, and therefore the Subclass as well, are all Defendants, each of their parents, subsidiaries, authorized distributors and affiliates, and their legal representatives, heirs, successors, and assigns of any excluded person.

37.   This action is brought and may properly be maintained on behalf of the Class proposed herein under the criteria of New Jersey Court Rule 4:32.

38.   The requirements of Rule 4:32- have been met.   The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiff, Plaintiff believes that there are at least hundreds (if not thousands) of members of the Class and Subclasses, which makes joinder impracticable.  The identity of all such Class and Subclass members is known to Defendants and can be identified through their records and other appropriate discovery.

39.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class and Subclass members have claims that arise out of Defendants' standard policy and practices relating to medical expense coverage limitations in automobile insurance and Plaintiff will assert and pursue the same claims as other members of the Class.

40.  Further, Plaintiff is an adequate class representative because Plaintiff has no interests antagonistic to the interests of the other members of the Class or Subclass.   Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class and Subclass members' interests will be fairly and adequately protected by Plaintiff and her counsel.

41.  In addition, there are questions of law and fact common to the members of the Class including, without limitation:

a.  Whether GEICO has had a policy and practice of selling standard automobile liability insurance policies to consumers without meeting the requirements of N.J.S.A. 39:6A-4.3 by either (1) failing to contain the statement concerning medical expense benefits as required by the Statute and/or (2) not obtaining an affirmative written choice of waiver of limits of $250,000 in medical expense benefits coverage;

b.  Whether GEICO has had a policy and practice of selling standard automobile liability insurance policies to consumers without meeting the requirements of N.J.S.A. 39:6A-23 by failing to obtain signed coverage selection forms from their new insureds in which affirmative written choices of medical expense benefits coverages of less than $250,000 limits were selected;

c.  Whether Plaintiff and members of the Subclass have suffered ascertainable losses as a result of GEICO's actions and/or have not been paid the full medical expense benefits to which they were entitled;

d.  Whether GEICO violated the New Jersey Consumer Fraud Act (NJCFA); and

e.    Whether Plaintiff and the other members of the Class and/or Subclass are entitled to specific performance, damages and/or restitution, and declaratory and/or injunctive relief.

42.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and Subclass as wholes.

43.    Class certification of Plaintiff's claims is also appropriate because the above questions of law and fact that are common to the Class and Subclass predominate over questions affecting only their individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  It would be unrealistic for each individual member of the Class or Subclass, on an individual basis, to effectively obtain redress for the wrongs committed against them.  Furthermore, thousands of separate lawsuits would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

**FIRST CLAIM FOR RELIEF**
**(Violation of Statutory Duties)**

44.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-43, above, as if fully alleged herein.

45.    Defendants had a statutory duty to comply with N.J.S.A. 39:6A-4.3 by providing information in an approved form as set forth in a coverage election form to any standard automobile insurance policyholders who selected medical expense PIP coverage less than $250,000 and by

providing that such insurance policies, if limits less than $250,000 were not affirmatively chosen in writing, would provide for $250,000 medical expense benefit coverage.

46.   Defendants had a statutory duty to comply with N.J.S.A. 39:6A-23 and N.J.A.C. 11:3-15.7 by obtaining a signed coverage selection form from any standard automobile insurance policyholders who selected medical expense PIP coverage less than $250,000 and by issuing such insurance policies, if limits less than $250,000 were not indicated on the coverage selection form, that would provide for $250,000 medical expense benefit coverage.

47.   Defendants' actions, practices and/or conduct, as set forth above, violated N.J.S.A. 39:6A-4.3 and 39:6A-23 and Defendants' duties thereunder, by failing to provide information in an approved form as set forth in a coverage election form, by failing to obtain signed coverage selection forms from any standard automobile insurance policyholders who selected medical expense PIP coverage less than $250,000, and by failing to provide that such insurance policies, if limits less than $250,000 were not affirmatively chosen in writing, would provide for $250,000 medical expense benefits coverage.

48.   As a result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiff and members of the Class and Subclass should be entitled to declaratory and/or injunctive relief providing that Defendants have breached their statutory duties by their failure to comply with N.J.S.A. 39:6A-4.3, providing that  Defendants be enjoined from continuing to breach such statutory duties now or in the future, providing for the reformation of the standard automobile insurance policies of Plaintiff and members of the Class and Subclass in order to provide for $250,000 limits for medical expense PIP benefits coverage, and providing for specific performance of Defendants' duties under the PIP statute to process the medical expense PIP claims of Plaintiff and members of the Class and Subclass up to the reformed limit of $250,000, together with such other and further

relief as this Court may deem just and proper.  Additionally, Plaintiff and members of the Subclass are entitled to damages for this breach and the proximate harm they have suffered.

**SECOND CLAIM FOR RELIEF**
**(Violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1, et seq.)**

49.  Plaintiff repeats and re-alleges the allegations in Paragraphs 1-43, above, as if fully alleged herein.

50.  The acts and practices of Defendants, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages and injury to Plaintiff and members of the Class and the Subclass in amounts yet to be determined.

51.  The actions of Defendants constitute acts, uses, or employment by Defendants of unconscionable commercial practices, misrepresentations, or the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, by Defendants in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. Particularly, Defendants failed to follow the specific mandates of New Jersey law in the sale of standard automobile liability insurance policies to consumers in New Jersey and, in doing so, have caused economic loss and harm as a result of the deceptive and misleading manner in which they acted.

52.  As a result of Defendants' unlawful acts or practices, Plaintiff and the members of the Subclass have been injured in amounts to be proven at trial, and Defendants should be ordered to pay, as damages to Plaintiff and the members of the Class and Subclass, their medical expense costs in excess of the ostensible coverage limitation on their policies (up to $250,000), such costs trebled pursuant to the terms of the New Jersey Consumer Fraud Act, and Defendants should be enjoined from continuing to violate the law hereafter, as well as the other relief set forth below.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

53.  Plaintiff repeats and re-alleges the allegations in Paragraphs 1-43, above, as if fully alleged herein.

54.  Defendants and Plaintiff and the Class and Subclass entered into contracts for standard automobile insurance policies under the laws of the State of New Jersey.

55.  As set forth in New Jersey statutory law, specifically N.J.S.A. 39:6A-4.3, the insurance policies contracts issued by GEICO "shall provide" for medical expense benefits coverage limits of $250,000 unless a lower limit is "affirmatively chosen in writing."  Because GEICO failed to obtain an affirmative choice in writing, the standard automobile insurance policies issued by GEICO to Plaintiff and the Class, as a matter of law, provide for $250,000 PIP medical expense benefits coverage rather than the amounts set forth in each of those policies.

56.  As a result of Defendants' actions, practices and/or conduct, as set forth above, as to Plaintiff and members of the Subclass, as defined herein, GEICO breached their standard automobile insurance contracts by erroneously informing Plaintiff and members of the Subclass, as defined herein, that their standard automobile insurance policies did not provide for PIP medical expense benefits coverage up to $250,000, rather than the limit as set forth in the insurance policies and/or by erroneously denying claims made by Plaintiff and members of the Subclass, as defined herein, based solely upon the purported limit set forth in their policies, rather than processing the claims as required by law up to the $250,000 limit.

57.  As a result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiff and members of the Subclass, as defined herein, should be entitled to declaratory and/or injunctive relief declaring that Defendants have breached their contracts, providing for Defendants be enjoined from continuing to breach the contracts now or in the future, providing for the

reformation of the standard automobile insurance policies of Plaintiff and members of the Subclass in order to provide for $250,000 limits for medical expense PIP benefits coverage, and providing for specific performance of Defendants' duties under the PIP statute to process the medical expense PIP claims of Plaintiff and members of the Subclass up to the reformed limit of $250,000, together with such other and further relief as this Court may deem just and proper.

58. As a direct, foreseeable and/or proximate result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiff and members of the Subclass are entitled to damages for this breach and the proximate harm they have suffered.

## FOURTH CLAIM FOR RELIEF
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

59. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-43, above, as if fully alleged herein.

60. The law of New Jersey implies, as a matter of law, a covenant of good faith and fair dealing as between GEICO and any of their standard automobile insurance policyholders in the sale of automobile insurance policies.

61. The law of New Jersey implies, as a matter of law, a covenant of good faith and fair dealing as between GEICO and any of their standard automobile insurance policyholders in the processing of PIP medical expense benefits claims under their standard automobile insurance policies.

62. Defendants' actions, practices and/or conduct, as set forth above, breach the covenant of good faith and fair dealing implied by New Jersey law by failing to provide Plaintiff and the Class and Subclass information in an approved form as set forth in a coverage election form, by failing to obtain signed coverage selection forms from any standard automobile insurance policyholders who selected medical expense PIP coverage less than $250,000, and by failing to

provide that such insurance policies, if limits less than $250,000 were not affirmatively chosen in writing, would provide for $250,000 medical expense benefits coverage.

63. Defendants' actions, practices and/or conduct, as set forth above, breach the covenant of good faith and fair dealing implied by New Jersey law, by erroneously informing Plaintiff and members of the Subclass, as defined herein, that their standard automobile insurance policies did not provide for PIP medical expense benefits coverage up to $250,000, rather than the limit as set forth in the insurance policies and/or by erroneously denying claims made by Plaintiff and members of the Subclass, as defined herein, based solely upon the purported limit set forth in their policies, rather than processing the claims as required by law up to the $250,000 limit.

64. As a result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiff and members of the Class and Subclass should be entitled to declaratory and/or injunctive relief providing that Defendants have breached of the implied covenant of good faith and fair dealing, providing for Defendants be enjoined from continuing to breach the covenant of good faith and fair dealing now or in the future, providing for the reformation of the standard automobile insurance policies of Plaintiff and members of the Class in order to provide for $250,000 limits for medical expense PIP benefits coverage, and providing for specific performance of Defendants' duties under the PIP statute to process the medical expense PIP claims of Plaintiff and members of the Class and Subclass up to the reformed limit of $250,000, together with such other and further relief as this Court may deem just and proper. Additionally, Plaintiff and members of the Subclass are entitled to damages for this breach and the proximate harm they have suffered.

## NOTICE OF ACTION TO THE NEW JERSEY ATTORNEY GENERAL

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

Plaintiff and the Class and Subclass are therefore entitled to damages, an injunction, and declaratory relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that judgment be entered in favor of Plaintiff and the Class and Subclass against Defendants as follows:

(a)   For an order certifying the Class under New Jersey Court Rule 4:32 and naming Plaintiff as representative of the Class and of the Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b)   For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c)   For an order reforming all standard automobile liability insurance policies issued by Defendants to all Class and Subclass members, as a matter of law, to include a maximum Personal Injury Protection Benefit medical expense benefit limit of $250,000 unless the policyholder/applicant affirmatively selects in writing a lower limit in accordance with N.J.S.A. 39:6A-4.3 and N.J.S.A. 39:6A-23 or, in the alternative, that each Class and Subclass member be entitled to elect to have their policy or policies so reformed;

(d)   For an order requiring Defendants notify all members of the Class and Subclass that their standard automobile liability insurance policies have been so reformed at Defendants' expense;

(e)   For an order requiring Defendants, effective immediately, comply with N.J.S.A. 39:6A-4.3 and N.J.S.A. 39:6A-23 by displaying a coverage selection form in their online application process and to select a maximum Personal Injury Protection Benefit medical expense benefit limit of $250,000 unless

the policyholder/applicant affirmatively selects a lower limit from the online

application dropdown menu;

(f)    For compensatory damages, trebled, in an amount to be determined by the

trier of fact;

(g)    Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(h)    Awarding pre- and post-judgment interest on any amounts awarded; and,

(i)    Awarding such other and further relief as may be just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  January 12, 2023

/s/ *Michael A. Galpern*
Michael A. Galpern, Attorney ID# 029031988
**JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com

Seth R. Lesser, Attorney ID # 051051988
Sarah Sears*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NJ 10573
Telephone:  (914) 934-9200
seth@klafterlesser.com
sarah.sears@klafterlesser.com

Sean T. Hagan, Attorney Id #: 038211998
**LAW OFFICES OF SEAN T. HAGAN LLC**
1414 Beaver Dam Road
Point Pleasant, NJ 08742
(732) 722-2911
sean@seanhaganlaw.com

Attorneys for Plaintiff
*Pro hac vice to be filed

# EXHIBIT 2

Curtis J. Turpan (033781985)
Harwood Lloyd LLC
130 Main Street
Hackensack, New Jersey 07601
(t): (201) 359-3675
(f): (201) 487-4758
cturpan@harwoodlloyd.com
*Attorney for Defendants*
*GEICO Indemnity Company, GEICO General Insurance Company, Government Insurance*
*Employees Insurance Company, and GEICO Casualty Company*

| | |
|---|---|
| ALEMAH MCMILLIAN<br><br>Plaintiffs,<br><br>v.<br><br>GEICO INDEMNITY COMPANY, *et al.*,<br><br>Defendants. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: MIDDLESEX<br>: COUNTY<br>:<br>: Docket No. MID-L-000208-23<br>:<br>: <u>Civil Action</u><br>:<br>: **NOTICE OF FILING OF**<br>: **NOTICE OF REMOVAL**<br>:<br>:<br>: |

**PLEASE TAKE NOTICE THAT** on March 24, 2023, Defendants GEICO Indemnity

Company, GEICO General Insurance Company, Government Employees Insurance Company,

and GEICO Casualty Company removed this action to the United States District Court for the

District of New Jersey by filing a Notice of Removal in that Court. A copy of the Notice of

Removal (and attachments) is attached hereto as **Exhibit A**. Accordingly, and pursuant to 28

U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

Dated: March 24, 2023

Respectfully submitted,

Harwood Lloyd, LLC

By: _____
Curtis J. Turpan (033781985)
Harwood Lloyd, LLC
130 Main Street
Hackensack, New Jersey 07601

{05110023_1}

(t): (201) 359-3675
(f): (201) 487-4758
cturpan@harwoodlloyd.com

*Attorney for Defendants GEICO Indemnity
Company, GEICO General Insurance
Company, Government Insurance Employees
Insurance Company, and GEICO Casualty
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2023, I served this Notice of Filing of

Notice of Removal on all counsel of record via e-courts and courtesy copies were served by

electronic mail and first-class mail,

Michael A. Galpern
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road, Suite 203
Vorhees, NJ 08043
mgalpern@lawjw.com

Seth R. Lesser
Sarah Sears
Klafter Lesser LLP
Two International Drive
Rye Brook, NJ 10573
seth@klafterlesser.com

Sean T. Hagan
Law Offices of Sean T. Hagan LLC
1414 Beaver Dam Road
Point Pleasant, NJ 08742
sean@seanhaganlaw.com

*Counsel for Plaintiff Alemah McMillian*

_____
Curtis J. Turpan (033781985)