**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEMAH MCMILLIAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, and GEICO CASUALTY COMPANY,<br><br>Defendants. | Civil Action No. 23-01671 (GC) (DEA)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

    **THIS MATTER** comes before the Court upon the Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendants GEICO Indemnity Company, GEICO General Insurance Company, Government Employees Insurance Company, and GEICO Casualty Company (collectively, "GEICO").[1]  (ECF No. 8.)  Plaintiff Alemah McMillian opposed, and Defendants replied.  (ECF Nos. 19 & 29.)  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED** in part and **DENIED** in part.

---

[1]    Although the Court generally refers to all four of the GEICO entities together, it differentiates between them when necessary.

I.    **BACKGROUND**

This putative class action involves claims that GEICO "has had a policy . . . of deceptively selling" to New Jersey residents automobile liability insurance policies that provide Personal Injury Protection ("PIP") medical expense benefits less than $250,000 "without obtaining the required affirmative written waivers" mandated by New Jersey law.  (ECF No. 1 at 11-12 ¶¶ 1-5.[2])  Plaintiff McMillian seeks to compel GEICO to provide her and similarly situated individuals with "the $250,000 coverage which . . . insurers must provide in the absence of the proper disclosures and affirmative waivers."  (*Id.* at 12 ¶ 6.)

A.  FACTUAL BACKGROUND[3]

On or about July 23, 2015, McMillian, a resident of North Brunswick, New Jersey, used GEICO's website to apply for and to obtain a standard automobile liability insurance policy that provided maximum PIP medical expense benefits of $15,000.  (*Id.* at 12, 17-18 ¶¶ 7, 26, 31.) McMillian alleges that GEICO's website presented her with the "pre-selected $15,000 medical expense benefits coverage" and that at no time did she "affirmatively select or . . . choose in writing" this precise "coverage limitation."  (*Id.* at 18 ¶¶ 27-28.)  McMillian also alleges that GEICO did not require her to submit "a signed Coverage Selection Form . . . indicating her choice." (*Id.* ¶ 29.)  McMillian renewed her GEICO policy eleven times "under the same conditions" as when she first applied.  (*Id.* ¶ 30.)

More than five years after obtaining insurance from GEICO, McMillian was in a car accident on February 16, 2021, that resulted in medical expenses that have far exceeded her

---

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]    On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

$15,000 PIP limit.  (*Id.* ¶¶ 33-34.)  GEICO has refused to cover McMillian's medical bills more than $15,000.  (*Id.* at 19 ¶ 35.)

**B.  PROCEDURAL BACKGROUND**

On January 12, 2023, McMillian filed a Complaint against GEICO in the Law Division of the Superior Court of New Jersey, Middlesex County, that asserts four counts:  Count One for Violation of Statutory Duties, N.J. Stat. Ann. §§ 11:3-15.7, 39:6A-4.3, 39:6A-23; Count Two for Violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1, *et seq.*; Count Three for Breach of Contract; and Count Four for Breach of Implied Covenant of Good Faith and Fair Dealing.[4]  (*Id.* at 21-26 ¶¶ 44-64.)  GEICO removed the action to federal court on March 24, 2023, on the basis of diversity jurisdiction and the Class Action Fairness Act, 28 U.S.C. § 1332(a), (d).  (*Id.* at 1-7.)

McMillian sues on behalf of herself and a putative class consisting of "[a]ll persons in the State of New Jersey who, from January 12, 2017, through the present have been policyholders" of "standard automobile liability insurance policies issued by a GEICO entity that have provided limits of less than $250,000 in PIP medical expense benefits coverage" and did "not have affirmative choice in writing" as "proscribed by" New Jersey law as well as a subclass consisting of "[a]ll persons in the [c]lass who suffered injuries in a covered accident and incurred medical expenses in excess of the medical expense PIP coverage stated in their policy."  (*Id.* at 19 ¶ 36.)

On March 31, 2023, GEICO moved to dismiss pursuant to Rule 12(b)(6).  (ECF No. 8.) McMillian opposed on May 22, 2023, and GEICO replied on June 13, 2023.  (ECF Nos. 19 & 29.)

---

[4]      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), (d).

II.    **LEGAL STANDARD**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

III.    **DISCUSSION**

A.  **GEICO General insurance Company & GEICO Casualty Company**

Defendants argue that GEICO General Insurance Company and GEICO Casualty Company should be dismissed from this action because there are no specific factual allegations as to those two entities and McMillian purchased her automobile insurance policy from Government Employees Insurance Company and the policy was later transferred to GEICO Indemnity Company. (ECF No. 8-1 at 25-26.) In opposition, McMillian agrees to the dismissal of GEICO General Insurance Company and GEICO Casualty Company without prejudice. (ECF No. 19 at

14.)  Accordingly, those two entities are dismissed and the remaining Defendants in this action are Government Employees Insurance Company and GEICO Indemnity Company, which will continue to be referred to together as either "GEICO" or "Defendants."

### B.  PLAUSIBILITY OF CORE ALLEGATIONS

Defendants next argue that the Complaint should be dismissed in its entirety because McMillian's core allegations – related to how she applied for and purchased her automobile insurance from GEICO – are contradicted by documentary evidence in GEICO's possession.  (ECF No. 8-1 at 15-16.)  Specifically, Defendants submit a Coverage Selection Form, dated July 23, 2015, electronically signed by McMillian, which undermines and renders implausible, according to Defendants, Plaintiff's claim that she never received such a form and never affirmatively chose a $15,000 PIP medical expense benefits coverage limitation.  (*Id.*; ECF No. 8-3 at 1-9.)

In opposition, McMillian acknowledges that "documents external to a complaint can, sometimes, be offered on a motion to dismiss," but she insists that the Court cannot rely on the Coverage Selection Form submitted by GEICO to dismiss her claims, because she disputes the authenticity and accuracy of the document.  (ECF No. 19 at 8-9.)  McMillian includes a declaration, sworn under penalty of perjury, wherein she declares that she "was not presented a Coverage Selection Form and did not fill out a Coverage Selection Form" and "never signed a Coverage Selection Form either in writing or electronically prior to the motor vehicle accident . . . that, ultimately, led to the claims that are involved in this lawsuit."  (ECF No. 19-2 at 2-3.)

In reply, GEICO requests that, "[i]f the Court determines that it cannot consider Defendants' Exhibits in light of Plaintiff's Declaration," the Court "set a limited scheduling order for discovery solely on the issues of Plaintiff's online application process and completion of" the Coverage Selection Forms.  (ECF No. 29 at 8.)  Following completion of that discovery, GEICO seeks the opportunity to renew its dispositive motion.  (*Id.*)

All of McMillian's claims are predicated on GEICO having allegedly violated New Jersey statutes that require automobile insurers to furnish a disclosure and to obtain an affirmative waiver when consumers purchase automobile insurance plans that provide less than $250,000 in PIP medical expense benefits. Notably, N.J. Stat. Ann. § 39:6A-4.3(e) states that automobile insurers must supply a "coverage election form [that] contain[s] a statement, clearly readable and in 12-point bold type, in a form approved by the commissioner, that election of any of the aforesaid medical expense benefits options results in less coverage than the $250,000 medical expense benefits coverage mandated prior to the effective date." And if a consumer is found not to have "affirmatively chosen" a plan that provides less than $250,000 medical expense benefits coverage, then "the policy shall provide $250,000 medical expense benefits coverage." N.J. Stat. Ann. § 39:6A-4.3(e). Similarly, N.J. Stat. Ann. § 39:6A-23(e) provides that "[a] properly completed and executed coverage selection form shall be *prima facie* evidence of the named insured's knowing election or rejection of any option." If, as GEICO contends, McMillian received the required disclosures and affirmatively chose her automobile insurance plan by signing the coverage selection form mandated by New Jersey law, her claims would fail and she could not serve as a class representative. *See, e.g.*, *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1169 (3d Cir. 1987) ("It is well settled that to be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim.").

Having reviewed the exhibits submitted by GEICO as well as Plaintiff's declaration that she was not presented with and did not sign the Coverage Selection Form that has been supplied by GEICO, the Court is unable to conclude that Plaintiff's claims are not plausible. There is obviously a dispute as to the authenticity of the documentary evidence provided by GEICO as well as to the veracity of the allegations that McMillian has asserted in her Complaint. The prudent course is to allow the parties to engage in discovery on this factual issue and, if a dispute then

remains, to resolve it on either summary judgment or at trial. *See, e.g.*, *Wiley v. City of Newark, New Jersey*, Civ. No. 16-2530, 2017 WL 4678202, at *2 (D.N.J. Oct. 16, 2017) ("[S]uch factual disputes cannot be resolved on a motion to dismiss; [the court] must assume the truth of the allegations of the Complaint, and determine whether they state a legal claim.").

As to GEICO's request that the Court limit discovery to the merits of McMillian's individual claims, the Court is presently disinclined to grant the request because it was made on reply without Plaintiff being given a chance to oppose. Therefore, the Court will deny the request without prejudice subject to a renewed application at the discretion of the Magistrate Judge. *See, e.g.*, *Wesley v. Samsung Elecs. Am., Inc.*, Civ. No. 20-18629, 2022 WL 2870200, at *2 (D.N.J. July 21, 2022) ("Although [Defendant] does not expressly ask to 'bifurcate' merits and class discovery, its application to focus discovery on the claims brought by Plaintiffs in their individual capacities only, and postpone if not altogether avoid class discovery, seeks the same outcome. The Court, in its discretion, may bifurcate discovery under Federal Rule of Civil Procedure 42(b), upon a demonstration by the moving party that bifurcation will promote judicial economy and not prejudice the non-moving parties.").

## C. COUNT TWO: NEW JERSEY CONSUMER FRAUD ACT

As to Count Two, Defendants argue that McMillian has not plausibly plead an NJCFA claim because Plaintiff has not "allege[d] a causal nexus between the alleged unlawful practice" ("deceptively" selling automobile insurance policies with PIP medical expense benefits coverage limitations below $250,000 without obtaining the required affirmative waivers) and "the alleged ascertainable damages" (the medical expenses above $15,000 that McMillian incurred and Defendants have refused to cover). (ECF No. 8-1 at 21-22.) Defendants write that Plaintiff's allegations "fail to establish that [McMillian], and every single member of the Class or Subclass,

would have affirmatively chosen the $250,000 PIP coverage limitation . . . if they had been given the allegedly withheld opportunity to do so." (*Id.* at 22.)

To state a claim under the NJCFA, a plaintiff must allege "three elements: (1) unlawful conduct . . . ; (2) an ascertainable loss . . . ; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *Int'l Union of Operating Engineers Loc. No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007) (quoting *New Jersey Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176 (N.J. Super. Ct. App. Div. 2003)).

As the United States Court of Appeals for the Third Circuit has clarified, "unlike common law fraud, the NJCFA does not require proof of reliance. That is, it does not require proof that a consumer would not have purchased a product absent the alleged unlawful practice or even proof that the unlawful practice played a substantial part in his or her decisionmaking." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 606 (3d Cir. 2012) (citation omitted). Instead, "the alleged unlawful practice must be a proximate cause of the plaintiff's ascertainable loss." *Id.* In other words, "the [NJ]CFA requires a consumer to prove that [his or her] loss is attributable to the conduct that the [NJ]CFA seeks to punish by including a limitation expressed as a causal link." *Id.* (quoting *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 748 (N.J. 2009)).

At this stage, the Court is not ruling on whether a class can be certified or whether there is a causal link for "every single member of the Class or Subclass," as Defendants would have it. The Court's review is limited to whether McMillian, the named plaintiff, has adequately plead that her ascertainable loss was proximately caused by GEICO's alleged unlawful practice. Upon review of the allegations in the Complaint, the Court is satisfied that McMillian has plausibly plead such a causal relationship between GEICO's alleged unlawful practice (failing to provide mandated disclosures and to obtain affirmative waivers) and McMillian's ascertainable loss, which consists of the medical bills above $15,000 that GEICO has refused to cover.

Under similar circumstances, district courts have rejected attempts to require plaintiffs to plead more than that their ascertainable loss was proximately caused by the alleged unlawful practice, including in analogous cases involving allegations that a party was misled during the process of entering into an insurance contract for PIP coverage. *See, e.g.*, *Oravsky v. Encompass Ins. Co.*, 804 F. Supp. 2d 228, 240 (D.N.J. 2011) ("[T]he Court can discern no reason why a party who was misled, deceived or was otherwise a victim of unlawful practices during the process of entering into an insurance contract for PIP coverage should be excluded from seeking the remedies provided by the [NJ]CFA. Defendant's motion to dismiss Plaintiff's [NJ]CFA claim, therefore, is denied."); *see also Rapoport v. Caliber Home Loans, Inc.*, 617 F. Supp. 3d 241, 248 (D.N.J. 2022) ("Plaintiff has alleged that as a result of Defendant's failure to offer loan terms consistent with the parties' mutual bargain, he suffered a quantifiable loss in the form of a loan modification that is less favorable than the estimated terms . . . , resulting in thousands of dollars in additional interest payments over the life of the loan. Such allegations suffice to plead an ascertainable loss caused by Defendant's unlawful conduct."); *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, Civ. No. 19-2904, 2021 WL 5937742, at \*35 n.60 (D.N.J. Dec. 16, 2021) ("The Court is satisfied that [Plaintiff] has otherwise pled a viable NJCFA claim . . . . [Plaintiff] has pled that she suffered an ascertainable loss in the amount of at least $2,000, and that [Defendant's] inadequate disclosure caused her damages. Of course, [Plaintiff] must ultimately prove that her damages were caused by the delayed disclosure, and not simply by the Data Breach itself or some other factor."). Such rulings are consistent with the NJCFA's "broad remedial purposes." *Bosland*, 964 A.2d at 748 ("[W]e 'construe the [CFA] broadly, not in a crabbed fashion.'" (citation omitted)). Accordingly, GEICO's request to dismiss the NJCFA claim is denied.

### D. COUNT FOUR: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendants also argue that Count Four, for breach of the implied covenant of good faith and fair dealing, should be dismissed because it is "virtually identical" to the breach of contract claim in Count Three. (ECF No. 8-1 at 22-23.) Plaintiff opposes, arguing that she should be allowed to plead the breach of covenant claim in the alternative and that it is not duplicative, because the "claim for the breach of the covenant involves GEICO's bad faith in its entire course of conduct throughout the contract." (ECF No. 19 at 13-14.)

"A covenant of good faith and fair dealing is implied in every contract in New Jersey." *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126 (N.J. 2001). Although there are "myriad forms of conduct that may constitute violation of the covenant of good faith and fair dealing," and "[e]ach case is fact-sensitive . . . [,] [p]roof of 'bad motive or intention' is vital." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (N.J. 2005) (quoting *Wilson*, 773 A.2d at 1121).

When claims for breach of the covenant are the same as for breach of contract – that is, when the allegations that form the basis of a breach of contract claim are the same as those that form the basis of a breach of covenant claim – courts often dismiss the breach of covenant claim as duplicative. *See, e.g., Beaman v. Bank of Am., N.A.*, Civ. No. 21-2056, 2023 WL 4784254, at *16 (D.N.J. July 27, 2023) ("Each of these purported breaches of the implied covenant are alleged as breaches of the parties' express contract. Accordingly, these claims are dismissed as duplicative."). And while courts have at times allowed breach of covenant claims to be plead in the alternative, these courts have emphasized that either "the factual basis" for the breach of covenant claim must be "separate and distinct from the allegations that form the breach of contract claim," *Becton, Dickinson & Co. v. Medline Indus., Inc.*, Civ. No. 21-12929, 2022 WL 2383722, at *9 (D.N.J. Apr. 28, 2022), or "the terms of the contract, as alleged in the

pleadings, [must be] unclear, so the court c[annot] not 'determine . . . whether the conduct alleged in [the breach of covenant claim] 'differs from a literal violation of . . . a pertinent express term,'" *Gap Properties, LLC v. Cairo*, Civ. No. 19-20117, 2020 WL 7183509, at *5 (D.N.J. Sept. 17, 2020) (quoting *Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 390 (D.N.J. 2015)).

Here, Plaintiff's breach of covenant claim does not rest on "separate and distinct" allegations from the breach of contract claim nor does it differ from the alleged "literal violation" of the express contract. To the contrary, Plaintiff's factual allegations in support of the breach of covenant claim are simply a reiteration of those factual allegations in support of the breach of contract claim. (*Compare* ECF No 1 at 24 ¶ 56 ("GEICO breached their standard automobile insurance contracts by erroneously informing Plaintiff . . . that their standard automobile insurance policies did not provide for PIP medical expense benefits coverage up to $250,000, . . . and/or by erroneously denying claims made by Plaintiff . . . based solely upon the purported limit set forth in their policies, rather than processing the claims as required by law up to the $250,000 limit."), *with id.* at 26 ¶ 63 (GEICO "breach[ed] the covenant of good faith and fair dealing . . . by erroneously informing Plaintiff . . . that their standard automobile insurance policies did not provide for PIP medical expense benefits coverage up to $250,000, . . . and/or by erroneously denying claims made by Plaintiff . . . based solely upon the purported limit set forth in their policies, rather than processing the claims as required by law up to the $250,000 limit.").)

Where, as here, each of the asserted express breaches of contract are merely realleged as breaches of the implied covenant without any factual basis alleged to distinguish between the two claims, the Court agrees with Defendants that the breach of covenant claim should be dismissed as "duplicative." *Oravsky*, 804 F. Supp. 2d at 239. Indeed, a claim for breach of the implied covenant does not lie "when allegations of bad faith all relate to the actions that form the basis of

the breach of contract claim." *Cedar Holdings, LLC v. Menashe*, Civ. No. 16-7152, 2017 WL 1349321, at *3 (D.N.J. Apr. 7, 2017) (Thompson, J.).

### E. STATUTE OF LIMITATIONS

Finally, Defendants submit that Plaintiff's claims for breach of statutory duties (Count One) and for violations of the NJCFA (Count Two) should be dismissed because they were brought outside the applicable six-year statute of limitations established by N.J. Stat. Ann. § 2A:14-1. (ECF No. 8-1 at 17.) According to Defendants, both claims accrued in July 2015 when McMillian purchased her automobile insurance policy, because "Plaintiff does not allege that she could not have discovered, with reasonable diligence, that she had a claim at the time she purchased the policy." (*Id.* at 18-19.) Because the Complaint was filed in January 2023, more than six years after McMillian purchased her insurance policy, Defendants maintain that Plaintiff's "claims are time-barred." (*Id.* at 19-20.)

In opposition, Plaintiff agrees that her claims are subject to a six-year statute of limitations, but she argues that her claims did not accrue in July 2015, because "the first time that Plaintiff could have reasonably discovered the statutory violations and the violation of the NJCFA was either shortly after her 2021 accident or when GEICO disclaimed coverage of the same accident," which occurred within the six-year statute of limitations. (ECF No. 19 at 10-12.)

In reply, Defendants "agree that the limitations period . . . 'runs from the later of the time the alleged fraud occurred or the time it could have been discovered with reasonable diligence,'" but they argue that Plaintiff's claims should be dismissed as time-barred, because Plaintiff has not plead that "she could not have timely discovered the Defendants' alleged fraud through the exercise of reasonable diligence" at the time she purchased the insurance policy. (ECF No. 29 at 9-10 (quoting *Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312, 318 (3d Cir. 2018)).)

Considering the parties' arguments and the allegations in the Complaint, the Court finds that it would be premature to dismiss Plaintiff's claims as time-barred. Defendants' insistence that Plaintiff should be required to affirmatively plead that she could not have discovered her claims through the exercise of reasonable diligence at the time she purchased her insurance policy flips the burden. The Third Circuit Court of Appeals has repeatedly held that a claim should be dismissed on limitations grounds "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," and "if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see also Schmidt*, 770 F.3d at 251 ("This court has stated, in the context of the discovery rule, that when 'the pleading does not reveal when the limitations period began to run . . . the statute of limitations cannot justify . . . dismissal.'" (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011))).

In accordance with these principles, district courts in this Circuit routinely decline to dismiss claims based on a statute of limitations defense when there are factual questions as to how the discovery rule may apply to the facts at issue. *See, e.g.*, *Kaplan v. Gen. Elec. Co.*, Civ. No. 22-05296, 2023 WL 4288157, at *4 (D.N.J. June 30, 2023) ("The Court finds the Complaint 'does not reveal when the limitations period began to run, and the statute of limitations cannot justify Rule 12 dismissal.'" (citation omitted)); *Saunders v. New Jersey Dep't of Corr.*, Civ. No. 22-621, 2023 WL 3481463, at *8 (D.N.J. May 16, 2023) (same).

Here, there is an evident dispute as to how the discovery rule applies to Plaintiff's claims and when the claims began to run. Defendants submit that the claims should be deemed to have accrued when Plaintiff purchased her insurance policy, and Plaintiff submits that the claims did not accrue until after her accident when she discovered GEICO's alleged fraud. As even

Defendants acknowledge, both could potentially serve as the relevant point in time. (*See* ECF No. 29 at 9-10.)  Because a time-bar is not apparent on the face of the Complaint and because there is a dispute as to how the discovery rule applies and when the claims began to run, the Court is not in a position to dismiss the claims under Rule 12(b)(6).

## IV.    CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is **GRANTED** in part and **DENIED** in part.  An appropriate Order follows.

Dated:  October 26, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE